Tammy Hussin (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiffs,
Nicole Silver and Daniel Spence

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Nicole Silver and Daniel Spence,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>Total Recovery Solutions, LLC; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiffs, Nicole Silver and Daniel Spence, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiffs, Nicole Silver ("Silver") and Daniel Spence ("Spence" and collectively hereafter "Plaintiffs"), are adult individual residing in Elk Grove, California, and each is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Total Recovery Solutions, LLC (hereafter "TRS"), is a company with an address of 3543 Broadway, Kansas City, Missouri 64111 , operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by TRS and whose identities are currently unknown to the Plaintiffs.  One or more of the

Collectors may be joined as parties once their identities are disclosed through discovery.

7. TRS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8. Spence allegedly incurred a financial obligation (the "Debt") to Everest Cash Advance (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to TRS for collection, or TRS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     TRS Engages in Harassment and Abusive Tactics**

12. Within the last year, TRS contacted Plaintiffs in an attempt to collect the Debt.

13. During the initial conversations with Plaintiffs, TRS failed to inform Plaintiffs that the call was an attempt to collect the Debt and all information obtained would be used for that purpose.

3

14. During a conversation with Spence, TRS threatened to garnish his bank account if the Debt was not paid immediately.

15. At the time TRS made the threat, it did not have a judgment against Spence and therefore had no legal authority or present ability to garnish his bank account.

16. TRS often times spoke Plaintiffs in a rude and abusive manner, often times using a condescending and demeaning tone in an effort to oppress and humiliate Plaintiffs. During a conversation with Silver, a TRS collector accused Plaintiffs of obtaining the loan fraudulently. TRS also told Silver that it did not like Plaintiffs because they were debtors.

17. During one conversation, TRS demanded that Spence pay to make four weekly payments in the amount of $274.00 in order to avoid the bank levy and further collection activity. TRS further demanded that the payments begin immediately.

18. In an effort to avoid the threatened bank levy and to cease the collection activity, Spence agreed to the demanded payment schedule.

19. After the conversation, Spence realized that the total amount he agreed to pay was $1096, which was more than twice the amount of the Debt. Plaintiffs then called TRS to inquire about the total balance and to request validation.

20. The TRS collector became even more aggressive with Plaintiffs following their inquiry of the total balance, again accusing Plaintiffs of perpetrating a fraud by

4

incurring the Debt. Spence requested to speak to a supervisor and asked for the name of the collector's supervisor.

21. In response, the TRS collector said that his supervisor's name was "Mr. Click," and thereafter terminated the call with Plaintiffs rather than transferring them to a supervisor.

22. Following that conversation, TRS began calling Plaintiffs at an excessive and harassing rate, placing up to three calls to each Plaintiffs on a daily basis.

23. TRS called Spence's place of employment and left a voice message disclosing the details about the Debt.

24. TRS failed to advise Plaintiff of his rights in writing as it is required by law.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

25. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants communicated with individuals other than the Plaintiffs, the Plaintiffs' attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

27. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

5

28. The Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

29. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

30. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

31. The Defendants threatened the Plaintiffs with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

32. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

33. The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

34. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

35. The Defendants failed to send Plaintiffs an initial letter within five days of its initial contact with Plaintiffs as required by law, in violation of 15 U.S.C. § 1692g(a).

36. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

6

37. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

38. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

40. Total Recovery Solutions, LLC, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

41. The Defendants threatened the Plaintiff with garnishment or attachment of his wages if the debt was not paid, without intending to institute such proceedings, in violation of Cal. Civ. Code § 1788.10(e).

42. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiffs in continuous conversations with an intent to annoy the Plaintiffs, in violation of Cal. Civ. Code § 1788.11(d).

43. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

44. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

7

45. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

8

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: March 14, 2013           TAMMY HUSSIN


By: */s/  Tammy Hussin*
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiffs, Nicole Silver and Daniel Spence